ORIGINAL

Priority ✓
Send ✓
Enter ✓
Closed /
JS-5/JS-6 —
JS-2/JS-3 —
Scan Only —


FILED
CLERK, U S DISTRICT COURT
DEC - 3 2004
CENTRAL DISTRICT OF CALIFORNIA
BY VU          DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amini Innovation Corporation,<br><br>        Plaintiff,<br>v.<br>Anthony California, Inc.,<br><br>        Defendant.<br><br>Amini Innovation Corporation,<br><br>        Plaintiff,<br>v.<br>Jamestone Furniture, Inc., *et al.*,<br><br>        Defendants.<br><br>Amini Innovation Corporation,<br><br>        Plaintiff,<br>v.<br>Designers Furniture Outlet Center, Inc.,<br><br>        Defendant. | NO. CV 03-8749 SJO (SSx)<br>NO. CV 04-1192 SJO (SSx)<br>NO. CV 04-1316 SJO (SSx)<br><br>CONSOLIDATED<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>ENTERED<br>CLERK, U.S. DISTRICT COURT<br>DEC - 6 2004<br>CENTRAL DISTRICT OF CALIFORNIA<br>BY          DEPUTY |



This matter came before the court on: (1) Plaintiff Amini Innovation Corporation's ("Plaintiff" or "AICO") motion for partial summary judgment re: Defendants' infringement of Plaintiff's copyrights; and (2) Defendants Anthony California, Inc. and James Chang's

("Defendants") motion for summary judgment or, in the alternative, partial summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure (hereinafter, "Fed. R. Civ. P."). Pursuant to Rule 78 of the Fed. R. Civ. P. and Local Rule 7-15, the court finds the cross-motions appropriate for decision without oral argument. After careful review of all admissible evidence submitted, Defendants' motion for summary judgment is hereby GRANTED in its entirety and Plaintiff's motion for summary judgment is hereby DENIED.

I.  FACTUAL BACKGROUND

This case is primarily a copyright infringement case in which Defendants have been accused of copying furniture designs that are protected by copyrights owned by AICO. The following facts are undisputed. Plaintiff Amini, a furniture designer and manufacturer, was awarded U.S. Copyright Registration for *"carved ornamental woodwork"* in a number of its furniture. Separate Statement of Genuine Issues in Supp. of Defs.' Opp'n to Pl.'s Mot. (hereinafter, "SS") ¶¶ 2-7; Nielsen Decl., Exs. A through F. The six (6) items of furniture at issue in Plaintiff's copyright cause of action are the following: (1) LaFrancaise bed and (2) dresser with mirror (collectively, "LaFrancaise line"), and (3) Paradisio bed frame, (4) dresser with mirror, (5) armoire, and (6) night stand (collectively, "Paradisio line").

Plaintiff was also awarded U.S. Patent No. D475,218 (the "'218 patent") for the ornamental design on its Paradisio bed frame. Kim Decl., Ex. A.

Defendant James Chang designed Anthony's Sonoran and Hercules lines of furniture (collectively, "the accused products"). SS ¶ 9; Nielsen Decl., Ex. G, Chang Dep. 23:19-25. At the time Defendant Chang completed his designs for the accused products, neither he nor Anthony undertook any investigation to determine if the designs violated the intellectual property rights of others. SS ¶ 10; Nielsen Decl., Ex. G, Chang Dep. 91:14-18.

Defendant Anthony began dealing in the accused products in August of 2003. SS ¶ 12.

In or about September of 2003, AICO discovered that Anthony was selling the accused furniture. The parties dispute whether the accused products are substantially similar or nearly identical to the copyrighted furniture. *Id.* ¶ 11.

On October 9, 2004, AICO sent a cease and desist letter to Defendant Chang, Defendant Anthony's principal, informing Anthony of its infringement of AICO's copyrights; requesting that Anthony stop selling the accused products; and requesting an accounting of Anthony's sales. *Id.* ¶ 13.

On November 7, 2004, Defendant Anthony responded to the cease and desist letter, asserting that "the copyrights and patent are unclear as to what AICO purports to claim as protected; that AICO's designs are time-worn and common furniture motifs that are generic and public domain; that any protected design is subject to *scenes a fair doctrine* and therefore entitled to minimal protection against only the most slavish of copies, and that there are significant differences in the parties respective products that eliminate any probability of a finding of substantial similarity." Nielsen Decl., Ex. K.

Since receiving the cease and desist letter, Defendant Anthony refused to cease and desist from selling the accused products. SS ¶ 15.

Based on the foregoing, AICO filed this action against Defendants claiming design patent infringement, pursuant to 35 U.S.C. § 271 ("Claim 1), and copyright infringement, 17 U.S.C. § 101 *et seq.* ("Claim 2"). Plaintiff prays for an order enjoining Defendants from committing further acts of infringement.

Plaintiff filed the instant motion for partial summary judgment involving the six copyrighted products. Plaintiff contends that its copyright registrations create a presumption of validity of the copyrights over such furniture. Plaintiff also argues that there is no factual dispute as to whether Defendants infringed Plaintiff's copyrighted furniture. Plaintiff posits that AICO's and Anthony's furniture are substantially similar in "total concept and feel."

Defendants also filed a motion for summary judgment involving both the copyright and design patent causes of action. Defendants asserts that AICO is not entitled to protection of the overall look, feel, and design of the furniture, but rather can only protect the specific carved ornamental woodwork of the furniture. Further, Defendants claim that the carved ornamental woodwork on the respective pieces of furniture are dissimilar, negating any reasonable likelihood that a jury might find substantial similarity. Defendants posit that the copyright claims should fail

because even if the works enjoy limited protection, there is no substantial similarity between copyrighted and accused works.

Additionally, with respect to the patent claim, Defendants contend that AICO cannot establish that Defendants have infringed AICO's design patent in the Paradisio collection bed because the two designs are readily distinguishable by their ornamental features.

Finally, Defendants assert that there are a number of procedural problems with the patent and copyrights at issue here.[1]

## II. LEGAL STANDARD

### A. Summary Judgment

Rule 56(c) of the Federal Rules of Civil Procedure sets forth the standard for granting a motion for summary judgment. It states in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

This standard has been explained by the Supreme Court of the United States in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986), *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

In *Anderson*, the Court set out the requisites needed to show there is no genuine issue as to a material fact.

> As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.

477 U.S. at 248. The Court also held that "it is the substantive law's identification of which facts are critical and which facts are irrelevant that governs." *Id.*

---

[1] Defendants filed an application for leave to file an oversized reply. The court DENIES the application. Therefore, the court strikes the pages exceeding the number of pages prescribed by the initial standing order.

4

Regarding the existence of a genuine issue of material fact, the Court held that summary judgment is not appropriate if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, the Court also noted that "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The nonmoving party has the burden of producing operative facts, and the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. If the operative facts are not presented, summary judgment is appropriate.

Once the moving party has met its burden under Rule 56(c), the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. However, any inferences from the underlying facts must be viewed in light most favorable to the nonmoving party. *Id.* at 587.

In *Celotex*, the Court explained that the nonmoving party must designate specific facts showing a genuine issue for trial. Summary judgment is appropriate if a party, after adequate time for discovery, "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." 477 U.S. at 322. The moving party is not required to prove the absence of a genuine issue of fact, even with respect to an issue on which the nonmoving party bears the burden of proof. *Id.* at 325. "Instead . . . the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case. *Id.* The Court also stated that "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses", *id.* at 323-24, and that the summary judgment procedure should not be regarded as a "disfavored procedural shortcut" but should be viewed as an "integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Id.* at 327.

"[I]t is not [the task] of the district court, to scour the record in search of a genuine issue of triable fact. [The courts] rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir.

1996). *See also Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.").

B. Copyright Infringement

Copyright protection is available for "original works of authorship fixed in any tangible medium of expression, now known or later developed, from which they can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device." 17 U.S.C. § 102(a). Copyright protection does not, however, extend to any idea or concept. 17 U.S.C. § 102(b).

Any copyrighted expression must be "original." *Feist Pubs., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Although the amount of creative input by the author required to meet the originality standard is low, it is not negligible. *See Feist*, 499 U.S. at 362. There must be something more than a "merely trivial" variation, something recognizably the artist's own. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 489 (9th Cir. 2000).

The originality requirement mandates that objective "facts" and ideas are not copyrightable. *Baker v. Selden*, 101 U.S. (11 Otto) 99 (1879); *Feist*, 499 U.S. at 347; *Roth Greeting Cards v. United Card Co.*, 429 F.2d 1106, 1109-10 (9th Cir. 1970). Similarly, expressions that are standard, stock, or common to a particular subject matter or medium are not protectable under copyright law. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983).

1. Requirements Plaintiff Must Satisfy to Show Copyright Infringement

To prove infringement of a copyright, plaintiff must show: (1) ownership of the copyright; and (2) infringement - that the defendant copied protected elements of the plaintiff's work. *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). Absent direct evidence of copying, proof of infringement involves fact-based showings that the defendant had "access" to the plaintiff's work and that the two works are "substantially similar." *Id.* Complete or substantial identity between the original and the copy is not required. *Runge v. Lee*, 441 F.2d 579, 582 (9th Cir. 1971).

Under the Copyright Act, certificates of copyright registration constitute *prima facie* evidence of the validity of the copyrights, 17 U.S.C. § 410(c), and defendant has the burden of overcoming the presumption of validity. *Apple Computer, Inc. v. Formula Int'l, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984).

Proof of the substantial similarity is satisfied by a two-part test of extrinsic similarity and intrinsic similarity. *Three Boys*, 212 F.3d at 485. The extrinsic test requires that the plaintiff identify concrete elements based on objective criteria. *Id.* The extrinsic test often requires analytical dissection of a work and expert testimony. *See Apple Computer, Inc v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994).

Once the extrinsic test is satisfied, the factfinder applies the intrinsic test. The intrinsic test is subjective and asks "whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted). It is appropriate to grant summary judgment if, considering the evidence and drawing all inferences from it in the light most favorable to the nonmoving party, no reasonable jury could find that the works are substantially similar in idea and expression. *Id.*

Under the "inverse ratio rule," the Ninth Circuit requires a lower standard of proof of substantial similarity when a high degree of access is shown. *Three Boys*, 212 F.3d at 485.

C. Design Patent Infringement

A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent. *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450, 27 U.S.P.Q.2D (BNA) 1297, 1302 (Fed. Cir. 1993). Determining whether a design patent claim has been infringed requires, first, as with utility patents, that the claim be properly construed to determine its meaning and scope. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (in banc). Second, the claim as properly construed must be compared to the accused design to determine whether there has been infringement. *Id.* In this second step, the patented and accused designs are compared for overall visual similarity:

> If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528, 20 L. Ed. 731 (1871). In analyzing visual similarity, "where . . . a [patented] design is composed of functional as well as ornamental features, to prove infringement a patent owner must establish that an ordinary person would be deceived by reason of the common features in the claimed and accused designs which are ornamental." *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 825, 23 U.S.P.Q.2D (BNA) 1426, 1434 (Fed. Cir. 1992). In addition, the accused design must appropriate the novel ornamental features of the patented design that distinguish it from the prior art. *Oakley, Inc. v. International Tropic-Cal, Inc.*, 923 F.2d 167, 169, 17 U.S.P.Q.2D (BNA) 1401, 1403 (Fed. Cir. 1991).

III. DISCUSSION

    A.    <u>Summary Judgment Is Appropriate on Federal Claim of Copyright Infringement</u>

        1.    <u>Under the *Doctrine of Separability*, AICO Is Not Entitled to Protection of the Overall Look, Feel and Design of its Furniture; AICO Can Only Protect the Separable Ornamental Carvings of the Furniture.</u>

To prove infringement of a copyright, plaintiff must first show ownership of the copyright. Accordingly, it is imperative to establish at the outset what is the scope of the copyright owned by AICO.

Plaintiff's certificates of registrations are limited to "carved ornamental woodwork." Nielsen Decl., Exs. A through F. The stated nature of the copyrighted works notwithstanding, AICO now argues that substantial similarities exists in the "total concept and feel" of AICO's and Anthony's furniture. Pl.'s Mem. of P. & A. in Supp. of Pl.'s Mot. for Summ. J. (hereinafter, "Pl.'s Mot") 11. AICO asserts that the "overall scheme" or appearance of Anthony's Hercules and Sonoran furniture is intended to fool consumers and is substantially similar to AICO's copyrighted works.

In response, Defendants claim that, when dealing with useful articles, such as pieces of furniture, the protected aspects of the work are narrowly limited to those artistic elements that "can be identified separately and are capable of existing independently as a work of art." Defs.' Opp'n

2 (citing *Fabrica, Inc. v. El Dorado Corp.*, 697 F.2d 890, 893 (9th Cir. 1983)). Defendants posit that copyright protection does not extend to the overall feel, design, and form of the furniture. Defendants urge this court to limit its analysis to a comparison of the carvings or sculpted features of the two sets of collections.

Having reviewed the relevant documents, the court observes that the certificates of registration obtained by AICO from the United States Copyright Office do not copyright the overall configuration of each piece of furniture that is the subject of this action. *See* Nielsen Decl., Exs. A through F. Rather, the space on the forms reserved for the "Nature of This Work" is completed with the description, "carved *ornamental* woodwork." *Id.* This, along with the pictures attached to the certificates, leads the court to find that AICO's certificates of registration refer to and are limited to the sculpted ornaments adorning the subject pieces of furniture.

Copyright protection is not available for "useful articles," defined by the Copyright Act as articles "having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information." 17 U.S.C. § 101. The Act explains that:

> the design of a useful article . . . shall be considered a . . . sculptural work only if, and only to the extent that, such design incorporates . . . sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article.

*Id.* The legislative history accompanying the passage of the Copyright Act further delineates the concept of separability:

> The Committee is seeking to draw as clear a line as possible between copyrightable works of applied art and uncopyrightable works of industrial design. A two-dimensional painting, drawing, or graphic work is still capable of being identified as such when it is printed on or applied to utilitarian articles such as textile fabrics, wallpaper, containers, and the like. The same is true when a statue or carving is used to embellish an industrial product. . . . *Only elements, if any, which can be identified separately from the useful article as such are copyrightable.* And, even if the three-dimensional design contains some such element (for example, a carving on the back of a chair or a floral relief design on silver flatware), *copyright protection would extend only to that element,* and would not cover the over-all configuration of the utilitarian article as such.

H. Rep. No. 94-1476, 94th Cong., 2d Sess. (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5668 (emphasis added). "As this report reveals with its reference to chair carvings and flatware

9

designs, a copyrightable work need not be physically separable.... It may be embedded or fixed within a useful item and still be conceptually separable (although neither the flatware nor the chair, as useful articles, would be copyrightable)." *Collezione Europa U.S.A., Inc. v. Hillsdale House Ltd.*, 243 F. Supp. 2d 444, 454-455 (D.N.C. 2003).

In light of the terms of the Copyright Act, the court holds that the scope of AICO's copyrights do not cover the "over-all configuration" of the subject pieces of furniture which are considered useful articles. Rather, the copyrights are limited to sculpted elements, *i.e.*, the ornamental carvings, which can be identified separately from the furniture.

2. <u>There Is No Genuine Dispute as to Whether the Ornamental Carvings on the Respective Pieces of Furniture Share Any Similarities in the Expression of Ideas</u>.

In determining whether two works are substantially similar, courts employ a two-part analysis: an objective extrinsic test and a subjective intrinsic test. For the purposes of summary judgment, only the extrinsic test is important because the subjective question whether works are intrinsically similar must be left to the jury. *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004). If AICO cannot present evidence that would permit a trier of fact to find that it satisfied the extrinsic test, AICO necessarily loses on summary judgment because a "jury may not find substantial similarity without evidence on both the extrinsic and intrinsic tests." *Id.*

The extrinsic test considers whether two works share a similarity of ideas and expression as measured by external, objective criteria. *Id.* The extrinsic test requires "analytical dissection of a work and expert testimony." *Three Boys*, 212 F.3d at 485. "Analytical dissection" requires breaking the works "down into their constituent elements, and comparing those elements for proof of copying as measured by 'substantial similarity.'" *Rice v. Fox Broad. Co.*, 148 F. Supp. 2d 1029, 1051 (C.D. Cal. 2001), *reversed on other grounds*, 330 F.3d 1170 (9th Cir. 2003) (*Rice II*). Because the requirement is one of substantial similarity to *protected elements* of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work. *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003) (*Rice I*); *Apple Computer*, 35 F.3d at 1443.

1    Although the extrinsic test examines the similarity of ideas and expression, ideas by themselves are not subject to copyright protection; only the expression of ideas is protectable. *Swirsky*, 376 F.3d at 845.

Here, as Defendants suggest, the subject matters of a lion's paw, a ball, reeds, leaf and flower motifs, foliate scrolls, C and S scrolls, the serpentine, a seashell motif, laurel wreaths, iron canopy rail, beads, and moldings are unprotectable ideas and their use in furniture ornamentations is not copyrightable. Defs.' Opp'n 7.[2] It is the *manner in which they are expressed* that may warrant copyright protection. See *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002) ("The particular sequence in which an author strings a significant number of unprotectable elements can itself be a protectable element. Each note in a scale, for example, is not protectable, but a pattern of notes in a tune may earn copyright protection.").

Having said that, the selection and arrangement of ornamental carvings in the subject furniture also do not warrant copyright protection. "A combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and *their selection and arrangement original enough* that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003) (emphasis added).

Here, the selection and arrangement of the combined ornamental carvings as expressed in the subject pieces of furniture fall short of being original. Indeed, as Plaintiff's own expert observes, AICO's LaFrancaise collection:

> is a modern day amalgamation of several French styles adapted for today's contemporary lifestyle. Loosely based upon a French Empire archetype, the collection also brings in other classic French influences as well – French Rococo in particular.

Kim Decl., Ex. Q, Vineburg Expert Report, 4. Further, in describing the Paradisio collection, AICO's expert states that the collection:

---

[2] Plaintiff has put so much emphasis on the fact that the pieces of furniture in the Paradisio collection have five-toed lion's paw feet, and claims that such design is original and does not exist in nature. See, e.g., Pl.'s Reply, 2. In fact, felinophiles know that most cats have five toes on each forepaw and four toes on each hindpaw. As such, the idea of a five-toed paw is not copyrightable because it is not original.

11

> incorporates a more substantial 17th Century French Baroque styling on the order of Louis XIV mixed with the Early English Georgian period. . . . All pieces in the Paradisio Collection command a large and baronial presence; stemming from the heroically overscaled carved lion's paws leading upward into a massive scrolling and carved vertical elements, or "legs," suggesting the strong early Cabriole Leg, which (in terms of the chronological progression of furniture styles was only beginning to emerge. Likewise, the Amini Paradisio Collection is also influenced by the Early English Georgian period at the beginning 18th Century with tapering posters decorated with acanthus leaves. The Early Georgian style in England also used extensive lion ornament along with leafy scrolling motif.

*Id.* 6-7.

The selection and arrangement of the lion's paw, ball, reeds, leaf and flower motifs, foliate scrolls, C and S scrolls, the serpentine, seashell motif, laurel wreaths, iron canopy rail, beads, and moldings lack the quantum of originality needed to merit copyright protection. The ornamental carvings embedded on the furniture is heavily based on classical French and English styles that recognizing copyright protection in their combination effectively would give AICO a monopoly on these commonplace designs. "Congress did not intend for artists to fence off private preserves from within the public domain," and, if this court recognized AICO's copyright, it would permit AICO to do exactly that. *Id.* at 812. *See Satava,* 323 F.3d at 811 (holding that the selection of the clear glass, oblong shroud, bright colors, proportion, vertical orientation, and stereotyped jellyfish form in glass-in-glass jelly fish sculptures lacks the quantum of originality needed to merit copyright protection because the combination of these elements are so commonplace in glass-in-glass sculpture).

Apart from the lack of originality of AICO's selection and arrangement of the combined ornamental carvings, and more importantly, even if the court assumes that AICO's wood carvings are protectable, AICO's expression of the standard elements are not substantially similar as Anthony's. A visual inspection of the carvings supports this conclusion. *See* Kim Decl., Exs. R and S; Nielsen Decl., Exs. A through F, P through S.[3] Further, although the parties' experts

---

[3] Plaintiff seeks exclusion of Exs. R and S to the Kim Declaration relied on by Defendants for lack of foundation and improper authentication. Pl.'s Opp'n 8. The court overrules this objection because these exhibits are merely demonstrative evidence intended to highlight and focus on the differences in the ornamental carvings, using authenticated photographs. *See* Chang Decl. ¶ 2, Ex. J and Yettra Decl. ¶ 2, Ex. Y.

dispute whether the copyrighted works and the accused products are substantially similar, no jury could reasonably find substantial similarity of AICO's and Anthony's furniture based on the element-by-element comparison of the ornamental wood carvings. Indeed, the designer of the LaFrancaise Collection himself has conceded the lack of substantial similarity between the LaFrancaise and the Sonoran collections. *See, e.g.,* Kim Decl., Ex. W, William A. James Dep. 119-22.

AICO has failed to demonstrate that what has been taken from its expression is something more than what must unavoidably be produced by another furniture manufacturer that is relying on the same concepts, *i.e.*, 17th, 18th and 19th Century European furniture design. Having reviewed all the admissible evidence, the court finds that Plaintiff has not presented a genuine issue of material fact regarding the issue of substantial similarity, and summary judgment is therefore appropriate.

B.  <u>Summary Judgment Is Appropriate on the Patent Infringement Claim</u>

To show design patent infringement, the claim must be properly construed to determine its meaning and scope. *Elmer v. ICC Fabricating,* 67 F.3d 1571, 1577 (Fed. Cir. 1995). Next, the claim as properly construed must be compared to the accused design to determine whether there has been infringement. *Id.*

In the instant case, the '218 patent claims "[t]he ornamental design for a bed frame, as shown and described" in the patent. The design "shown and described" in the '218 patent is that of the Paradisio bed frame. Kim Dec., Ex. A. Each of the patent's seven drawing figures show the designs of certain portions of the bed frame. No other design is disclosed or suggested in the '218 patent. "Design patents have almost no scope. The claim at bar, as in all design cases, is limited to what is shown in the application drawings." *See In re Mann,* 861 F.2d 1581, 1582, 8 U.S.P.Q.2D (BNA) 2030, 2031 (Fed. Cir. 1988). Therefore, because no other design is disclosed in the '218 patent, the court construes the claim as being limited to the ornamental wood carvings shown in the application.

After a visual comparison of AICO's Paradisio bed frame with Defendants' Hercules bed frame, the court concludes that no reasonable jury could find that the designs of these two pieces

13

of furniture are substantially similar. The claimed design has four hollow metal orb and bed posts which are absent in the accused bed frame. *Compare* Nielsen Decl., Ex. Q *with* Kim Decl., Ex. A.

Further, although both the Paradisio and Hercules bed frames have five-toed lion's paw feet, Plaintiff has failed to demonstrate that consumers would view this element as significant. As stated previously, in the second step of the infringement analysis, the patented and accused designs are compared for overall visual similarity:

> If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, *if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other*, the first one patented is infringed by the other.

*Gorham Co. v. White*, 81 U.S. (14 Wall.) 511, 528, 20 L. Ed. 731 (1871) (emphasis added). In the instant case, Plaintiff has failed to proffer evidence showing that the resemblance of the feet of the subject bed frames will induce a purchaser to buy the accused product supposing it to be the Paradisio bed frame. In fact, instead of being confused, the ordinary observer would probably not even care which furniture was manufactured by Amini and which was manufactured by Anthony inasmuch as the five-toed cat's paw feet is not a novel design.

In Plaintiff's opposition to Defendants' motion, Plaintiff argues that Defendants fail to demonstrate that they do not infringe Plaintiff's Paradisio bed frame design patent. Pl.'s Opp'n 9. However, the burden is on Plaintiff to show that there is in fact an infringement of its patent. Plaintiff has failed to do so, and therefore, summary judgment in favor of Defendants is appropriate.[4]

---

[4] Defendants also claim that there are a number of procedural problems with the patent and copyrights at issue in this action. The court need not address these problems because, as a matter of law, Plaintiff cannot establish patent and copyright infringement based on the facts presented.

Consequently, the court also need not address Defendants' evidentiary objections to Michael Amini's and Larry Rinaldi's declarations concerning the alleged procedural problems of AICO's patent and copyrights.

IV. RULING

The court DENIES Plaintiff's partial motion for summary judgment, and GRANTS Defendants' motion for summary judgment.[5]

The only remaining action, *Amini Innovation Corp. v. Jamestone Furniture, Inc., et al.*, Case No. CV 04-1192 SJO (SSx), is severed from the consolidated cases. All dates remain the same.

The clerk shall close the lead file; *Amini Innovation Corp. v. Anthony California, Inc.*, Case No. CV 03-8749 SJO (SSx) pursuant to this order.

IT IS SO ORDERED.

Dated this 29 day of November, 2004.

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

---

[5] Plaintiff objects to the supplemental declaration filed by Michael H. Kim in support of Defendants' motion for summary judgment on the grounds of untimeliness. Plaintiff claims that it has already filed its opposition papers to Defendants' motion for summary judgment and the inclusion of additional evidence after Plaintiff has already filed its opposition prevents Plaintiff from responding to this new evidence. Pursuant to Local Rule 7-12, the court excludes the subject declaration.

Defendants also object to the declaration of Mark Nielsen in support of AICO's motion for summary judgment. The court need not address this evidentiary objection because this evidence has no bearing on the court's determination that as a matter of law, Plaintiff cannot survive defendants' summary judgment motion.